UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

THADDEUS CHAYLON MARTIN,

    Plaintiff,

v.     Case No. 4:18-cv-132-RH/MJF

HORN and MOBLEY,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate of the Florida Department of Corrections proceeding *in forma pauperis* and *pro se*, initiated this civil rights action by filing a second amended complaint under 42 U.S.C. § 1983. (Doc. 24). Upon review of the second amended complaint, it is apparent that venue is not proper in the Northern District of Florida. Therefore, this case should be transferred to the Middle District of Florida.[1]

**I.     Background**

In his § 1983 complaint, Plaintiff identified two Defendants: (1) Officer Horn; and (2) Officer Mobley. (Doc. 24 at 1-2). Plaintiff alleged that the Defendants violated his constitutional rights by using excessive force. (*Id.* at 5-7). At the time

---

[1] The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b).

the alleged constitutional violation occurred, both Defendants were employed by the Florida Department of Corrections at the Hamilton Correctional Institution in Jasper, Florida. (*Id.* at 2 & 5).

On March 28, 2019, this court issued an order instructing Plaintiff to show cause as to why this case should not be transferred to the Middle District of Florida, which is the district where the Hamilton Correctional Institution is located. (Doc. 31). Plaintiff responded and argued that venue should not be transferred because— he erroneously contended—the Hamilton Correctional Institution is in the Northern District of Florida. (Doc. 32).

**II.     Discussion**

Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides in relevant part:

> **(b) Venue in general.**—A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or]
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . .

Here, the Plaintiff has not provided any information regarding the location of the Defendants' residences. On the other hand, from his complaint, it is readily apparent that the events giving rise to the claim occurred in the Hamilton Correctional Institution, which is located in Hamilton County, Florida. Contrary to

Plaintiff's belief, Hamilton County is located in the Middle District of Florida. Thus, based on the information provided by the Plaintiff in his complaint, venue is proper in the Middle District of Florida, insofar as it is the judicial district in which all of the events giving rise to the claim occurred. *See* 28 U.S.C. § 1391(b). When venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see Wright v. Miranda*, 740 F. App'x 692, 693 (11th Cir. 2018).

Furthermore, 28 U.S.C. § 1404 provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 60, 134 S. Ct. 568, 580 (2013); *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430, 127 S. Ct. 1184, 1190-91 (2007) (noting that § 1404(a) provides for transfer of a case "when a sister federal court is the more convenient place for trial of the action"). "Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice." *Van*

*Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 809 (1964). "The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (citing 28 U.S.C. § 1404(a)).

There "is a 'long-approved practice of permitting a court to transfer a case *sua sponte* under the doctrine of forum non conveniens, as codified at 28 U.S.C. § 1404(a) . . . .'" *Tazoe v. Airbus, S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (quoting *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986)). In analyzing the issue of proper venue in the context of the federal doctrine of *forum non conveniens*, courts have looked to various factors relating to the private interest of the litigants and the public interest in the fair and efficient administration of justice. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09, 67 S. Ct. 839, 843 (1988), *superseded by statute on other grounds as explained in American Dredging Co. v. Miller*, 510 U.S. 443, 449 n.2, 114 S. Ct. 981, 986 n.2 (1994)[1]; *accord Cowan v. Ford Motor Co.*, 713 F.2d 100, 103 (5th Cir. 1983). These factors include:

---

[1] "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." By this statute, "[d]istrict courts were given more discretion to transfer . . . than they had to dismiss on grounds of forum non conveniens." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253, 102 S. Ct. 252, 264 (1981). As a consequence, the federal doctrine of forum non conveniens has continuing application only in cases where the alternative forum is abroad. *American Dredging*, 510 U.S. at 449 n.2, 114 S. Ct. 981, 986 n.2.

- the convenience of the witnesses;

- the location of relevant documents and the relative ease of access to sources of proof;

- the convenience of the parties;

- the locus of operative facts;

- the availability of process to compel the attendance of unwilling witnesses;

- the costs of obtaining attendance of witnesses;

- the relative means of the parties;

- a forum court's familiarity with the governing law;

- the weight accorded a plaintiff's choice of forum;

- trial efficiency and the interests of justice;

- possibility of affording the trier of fact an opportunity to view the location of the actions giving rise to the claim;

- the practical problems that make trial of a case easy, expeditious and inexpensive;

- the congestion of the dockets of the relevant district courts; and

- the desire not to impose the burden of jury service on the people of a community which has no relation to the litigation.

*Atl. Marine Constr. Co., Inc.*, 571 U.S. at 62 n.6, 134 S. Ct. at 581 n.6; *Stewart Org., Inc. v. Ricoh, Inc.*, 487 U.S. 22, 30, 108 S. Ct. 2239, 2244 (1988); *Gilbert*, 330 U.S. at 508-09, 67 S. Ct. at 843; *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1

(11th Cir. 2005) (citing *Gibbs & Hill, Inc. v. Harbert Int'l, Inc.*, 745 F. Supp. 993, 996 (S.D.N.Y. 1990)); *P & S Bus. Mach., Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807-08 (11th Cir. 2003).

The alleged actions of the Defendants that gave rise to this case occurred in the Middle District of Florida. Accordingly, it is reasonable to believe that the Middle District will be the more convenient forum for the parties and the witnesses and will result in less expense for the parties should a trial be required in this case. The Middle District of Florida also is capable of compelling unwilling witnesses to attend any trial, and trial in that district court would afford the trier of fact a greater opportunity to view the location of the alleged acts, should that prove desirable. Additionally, the Northern District of Florida appears to have no relation to the litigation at issue. Neither the private interest of the litigants nor the public interest in the administration of justice is even minimally advanced by venue being maintained in this District.

Of course, a court must consider a plaintiff's choice of forum. *See Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S. Ct. 544, 546 (1955). Nevertheless, "where the operative facts underlying the cause of action did not occur within the forum chosen by Plaintiff, the choice of forum is entitled to less consideration." *Windmere Corp. v. Remington Prods, Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985) (citations omitted); *see Leroy v. Great Western United Corp.*, 443 U.S. 173, 185, 99 S. Ct. 2710, 2717 (1979)

(noting that "it is absolutely clear that Congress did not intend to provide for venue at the residence of the plaintiff or to give that party an unfettered choice among a host of different districts").

Furthermore, it appears that the Plaintiff "chose" the Northern District of Florida only because of a mistake. It appears that he wanted to bring this action in the same district in which the Hamilton Correctional Institution is located, and that he mistakenly thought—and continues to believe—that Hamilton Correctional Institution is located in the Northern District of Florida. Therefore, in the interest of justice and to give effect to the Plaintiff's expressed intent, this action should be transferred to the Middle District of Florida.

### III.   Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This case be transferred to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1404.

2. The clerk of the court be directed to close the case file.

**SO ORDERED** this 5th day of April 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.